R. T. BRIDWELL, Appellant, v. J. C. SPENCER, Respondent.

Springfield Court of Appeals, December 11, 1913.

COSTS: General Rule as to: Exceptions. Plaintiff prevailed in a suit to cancel a note and deed of trust and to enjoin the sale by the defendant of the land covered by the deed. Under section 2363 which provides that the prevailing party shall recover costs, *held*, plaintiff was entitled to costs, the instant case not falling under the exceptions to the general rule as to costs as set out in Sec. 2275, R. S. 1909.

Appeal from Stone County Circuit Court.—*Hon. John T. Moore,* Judge.

REMANDED (*with directions*).

*J. William Cook* for appellant.

No appearance for respondent.

FARRINGTON, J.—Plaintiff appeals from a judgment in his favor, complaining of that part thereof which requires him to pay ten dollars as "part of the expenses of this action." Aside from this, the judgment gave plaintiff the remainder of his costs.

In his petition plaintiff alleged that on August 9, 1912, he purchased from defendant certain town lots, and that defendant made him a warranty deed therefor, subject, however, to a deed of trust which defendant had previously given to secure a promissory note dated June 6, 1911, due one year after date, for one hundred dollars, at eight per cent interest, payable to Robert Bassett; that plaintiff assumed the payment of this note and interest on the same from August 9, 1912, and that defendant represented to plaintiff that said note "could run" until January 1, 1913; that on December 10, 1912, plaintiff wrote Robert Bassett, offering to pay the principal of said note with interest on the first of the year, or to pay the accrued interest and allow the principal to run another year; that Bassett did not reply; that on January 23, 1913, plaintiff received a letter from defendant stating: "You promised to pay the mortgage on the property you bought of me before you left Crane, but you failed to do so, and I had to take the mortgage up myself, and I will say that I have but two propositions to make you, and the first is that you call and pay this mortgage and the interest up to date, the second is to make me a deed back to the property and I will give you back your territory which I bargained for, if you are not disposed to do either, I will advertise this property and sell it under the mortgage at once. So please let me hear from you at once, so I will know what to do in regard to this matter." Plaintiff alleged that soon thereafter, and during the same month, he did call on the defendant and tendered him the amount of the principal of said note and interest accrued since August 9, 1912, which payment the defendant refused to

accept; that on February 7, 1913, plaintiff by his attorney again tendered the defendant the amount of said note and interest accrued on same since August, 1912, and asked defendant to deliver the note to him, which was refused. The petition contains a paragraph, again tendering the amount of the principal with interest from August 9, 1912, until February 7, 1913. The prayer is that the court cancel the note and deed of trust; that an injunction be granted restraining defendant from advertising said property for sale under the deed of trust and selling same; and that the court make such other orders and decrees as may seem just.

Defendant in his answer made no defense to the action except by way of counterclaim, as follows:

"Now comes the defendant in the above-entitled cause and for his amended answer admits that he made a deed conveying lots described in plaintiff's petition, but that said deed was made in consideration of the payment of a certain note secured by a deed of trust executed by defendant and wife as set out in plaintiff's petition, but that the said plaintiff failed and refused to pay said note as agreed, and that in order that defendant might protect himself and property on account of nonpayment was forced to mortgage other property in order to secure the money to pay the debt assumed by the plaintiff in this cause; that in doing so he, the said defendant, was compelled to pay out and expend in obtaining the money aforesaid to the sum of $39.53 in consequence of this fact and that the plaintiff wholly failed to carry out his agreement. This defendant demands the payment of the original note with interest as agreed, together with the expense that was incurred by him, the said defendant, in obtaining the money to discharge said note and deed of trust in plaintiff's petition described, and defendant denies that plaintiff had until January 1, 1913, to pay the Bassett note, but that plaintiff agreed to pay same'

immediately, and for such other and further orders, as to the court may seem fit and proper in the premises.

"Brokerage to Shartell .............. $30.00
   Releasing deed of trust ............. 1.50
   Releasing deed of trust ........... .25
   Abstract ........................ 2.00
   Taxes, County, State and City ...... 5.78

                          $39.53"

There was a conflict in the testimony as to whether plaintiff on August 9, 1912, agreed with defendant that he (plaintiff) would pay off the note for one hundred dollars at once.

The evidence is convincing that defendant borrowed, not one hundred dollars, but nine hundred dollars, and that the item of thirty dollars covered brokerage on a loan for that amount, only a part of that amount being used in paying the Bassett note and interest.

The case was submitted to the trial judge. The decree was that upon payment by plaintiff of the sum of one hundred and four dollars (being the principal and accrued interest of said note) together with ten dollars additional "as part of the expenses of this action," the injunction would be perpetual, and that unless plaintiff paid said amounts to the clerk of the court within a reasonable time his equity of redemption would be foreclosed. Aside from the ten-dollar item, the decree gave plaintiff his costs.

The court made no finding for defendant on his counterclaim.

As the judgment was in appellant's favor on the merits, the only point for our consideration concerns the action of the court in taxing the costs.

Section 2275, Revised Statutes 1909, provides: "Upon the plaintiff dismissing his suit, or defendant

dismissing the same for want of prosecution, the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law."

Section 2263, Revised Statutes 1909, provides that in all civil actions, or proceedings of any kind, the party prevailing shall recover his costs, except in those cases in which a different provision is made by law.

The decision in the case of Turner v. Johnson, 95 Mo. 431, 453, 7 S. W. 570, is that as a general rule, where the plaintiff is the prevailing party in a suit in equity he should recover his costs. The finding in the case at bar was clearly for the plaintiff, there was no finding on defendant's counterclaim, and the court, under the authorities, was vested with no discretion in the matter of costs. The case does not fall within any exception to the general rule. [Turner v. Johnson, supra, l. c. 452, 453; Schumacher v. Mehlberg, 96 Mo. App. l. c. 599, 70 S. W. 910.]

The cause is remanded with directions to the circuit court to modify its judgment to the extent that the portions thereof be stricken out which require of plaintiff the payment of ten dollars as costs in this action. *Robertson, P. J.,* concurs. *Sturgis, J.,* concurs.